UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THIAMOND KING,

    Petitioner,

vs.                                   Case No. 3:09-cv-559-J-12MCR

WALTER A. MCNEIL,
et al.,

    Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) on June 19, 2009. The Petition challenges a disciplinary report received on April 12, 2008, for spoken threats, log #213-081167. Petition at 1. As punishment for this disciplinary violation, Petitioner lost fifty-eight days[1] of gain time and was given thirty days of disciplinary confinement. As relief, Petitioner seeks to overturn the disciplinary infraction, and, as a result, he seeks the restoration of his gain time.

---

[1] Petitioner asserts that he lost ninety days of gain time in this disciplinary proceeding, see Petition at 1, however, upon review, the disciplinary report shows only a loss of fifty-eight days of gain time. Respondents' Exhibit 2, Disciplinary Report at 2 (Doc. #11, filed August 3, 2009).

Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. #11) on August 3, 2009. Petitioner was given an opportunity to reply to the response, and he did so by filing Petitioner's Reply to Respondents' Response to Petition for Writ of Habeas Corpus (Doc. #15). See the Court's Order (Doc. #4), filed June 24, 2009.

Upon review, it appears that this action is moot because Petitioner was released from the Florida Department of Corrections.[2] The Petition is seeking to overturn the disciplinary report and the restoration of gain time credits which would have shortened the length of Petitioner's incarceration; however, he has been released from custody. Therefore, since the Petition is attacking the length of confinement with regard to a disciplinary infraction and a loss of gain time, and is not attacking the underlying conviction, this action should be dismissed as moot. No further relief can be obtained from the Respondents.

In sum, the instant Petition seeks the return of gain time credits for purposes of reducing Petitioner's length of incarceration. Petitioner has been released from prison, and the Petition is due to be dismissed as moot:

> Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir.

---

[2] See http://www.dc.state.fl.us/InmateReleases/detail.

> 1987). Petitioner's ultimate objective in bringing this habeas action was restoration of the gain time he lost as a result of the disciplinary conviction, which would have shortened his period of incarceration by 60 days. Since petitioner has been released from incarceration, the undersigned finds that there is no longer a case or controversy to litigate. See, e.g., Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (habeas corpus challenge to parole revocation was mooted by release, as there was no continuing controversy); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (state prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement would have no collateral consequences); Chandler v. McNeil, No. 3:07cv529/RV/EMT, 2008 WL 3852328 (N.D. Fla. Aug. 18, 2008) (habeas challenge to disciplinary conviction resulting in loss of gain time and placement in disciplinary confinement was rendered moot by prisoner's release from incarceration); Humphries v. Rivera, No. 4:05cv466/RH/WCS, 2007 WL 1228512, at *1 (N.D. Fla. Apr. 24, 2007) (same). A favorable decision on the merits would not entitle petitioner to any additional relief, and therefore he no longer has a "personal stake in the outcome."

Schmidt v. McNeil, No. 5:07cv281/RS/MD, 2010 WL 2351461, at *2 (N.D. Fla. Apr. 30, 2010), report and recommendation adopted by, No. 5:07cv281/RS-MD, 2010 WL 2351353 (N.D. Fla. June 11, 2010).

At this juncture, there is no longer a case or controversy to litigate; therefore, this action should be dismissed as moot. Fields v. Sec'y Dep't of Corr., No. 5:09cv83/RS/EMT, 2009 WL 1456403, at *2 (N.D. Fla. May 22, 2009) (not reported in F.Supp.2d) (a challenge to the Department of Corrections' failure to award

3

sentence credit dismissed as moot, finding there is no longer a case or controversy to litigate). This case does not present a case or controversy under Article III, § 2, of the United States Constitution. This Court must dismiss the Petition as moot as it cannot give Petitioner any effective relief. See Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (per curiam) (there is no need to consider collateral consequences, since it is the underlying conviction, not the length of confinement, which creates the necessity to consider collateral legal consequences). Finally, no further relief can be obtained from the Respondents on the Petition.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The case is **DISMISSED without prejudice as moot.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30TH day of June, 2010.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 6/23
c:
Thiamond King
Ass't A.G. (Neff)